28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darawn Eugene COLLINS, Defendant-Appellant,
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre Tramelle MARSHALL, Defendant-Appellant.
 Nos. 93-50606, 93-50611.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided July 13, 1994.
 
 Before: FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 MEMORANDUM**
 Darawn Collins and Andre Marshall challenge the district court's decision to enhance their bank robbery sentences by two levels for reckless endangerment. We affirm.
 * Marshall claims, first, that his actions were not egregious enough to amount to reckless endangerment, and second, that the only people he may have endangered were himself and the other defendants. We review the district court's determination that a defendant's conduct justifies a reckless endangerment enhancement under U.S.S.G. Sec. 3C1.2 for clear error. United States v. Luna, 21 F.3d 874, 885 (9th Cir.1994).
 Guidelines section 3C1.2 authorizes a two-level sentence increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The district court concluded that Marshall's actions--leading the police on a high speed chase--merited the two-level increase. The court stated, "there was a great deal of danger created in which (sic) constitutes an obstruction of justice when you are going at extremely high speeds.... It was a total, total, total disregard of ... other people's lives." Marshall ER 19.
 
 
 1
 The court's conclusion that Marshall created a substantial risk to anyone else on the highway by driving at speeds of up to 100 miles per hour and ultimately crashing into another car is intuitively reasonable and is supported by Ninth Circuit authority. See Luna, 21 F.3d at 885 (Sec. 3C1.2 enhancement appropriate when defendant abandoned a running car in a residential area); United States v. Torres-Lopez, 13 F.3d 1308, 1311 (9th Cir.1994) (high-speed flight from Border Patrol, ending when defendant's car hit a tree, created a substantial risk of death or serious bodily injury both to the car's occupants and the motoring public). The district court did not clearly err in increasing Marshall's sentence by two levels for reckless endangerment.
 
 II
 
 2
 Collins presents the question of whether the court properly enhanced his sentence for reckless endangerment even though he did not drive the getaway car. Commentary note 5 to Sec. 3C1.2 states, "the defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused."
 
 
 3
 In United States v. Young, No. 93-50186, slip. op. 6089, 6093 (9th Cir. June 7, 1994), we outlined what the government must show to justify a reckless endangerment enhancement for a passenger in a high-speed chase:
 
 
 4
 "[The government] must prove that each defendant was responsible for or brought about the driver's conduct in some way. Such conduct may be inferred from the circumstances of the getaway, and the enhancement may be based on conduct occurring before, during, or after the high-speed chase.... [T]he district court must specify in the record its reasons for holding the passengers responsible for the driver's conduct."
 
 
 5
 Id. (citations omitted). The district court did specify its reasons for enhancing Collins's sentence, relying particularly on his conduct after the car chase ended:
 
 
 6
 The mere fact that they all jump into the car and take off, that is an encouragement.... They all participated in it. And what I'm saying is, that the analysis of the presentence officer that once they got out of the car and kept running would tend to belie the idea that he was somehow sitting back there wanting this guy to stop.
 
 
 7
 Collins ER 14-15.
 
 
 8
 The district court did not clearly err in concluding that although Collins was only a passenger during the high-speed chase, he helped bring about the chase and thus deserved the enhancement for reckless endangerment.
 
 
 9
 Collins's and Marshall's sentences are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3